**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID CAMPOS, | ) | |
| ID # 29724-177, | ) | |
| Movant, | ) | **No. 3:12-CV-0545-L (BH)** |
| vs. | ) | **No. 3:03-CR-0016-R (01)** |
| | ) | |
| UNITED STATES OF AMERICA,[1] | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

## I.  BACKGROUND

David Campos ("Movant"), an inmate in the federal prison system, filed a *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* ("Mot.") that was received on February 22, 2012. On September 28, 2004, he pled guilty in Cause No. 3:03-CR-016-R to being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1), 924(e), pursuant to a plea agreement. (*See* docs. 73, 74).[2]  He was sentenced to180 months imprisonment, followed by a three-year term of supervised release, on February 28, 2005. (docs. 81, 83). Movant did not appeal his conviction or file a motion to vacate his sentence under 28 U.S.C. § 2255.

## II.  NATURE OF SUIT

Although movant used the form for habeas petitions filed under 28 U.S.C.§ 2241, his claims that his sentence was improperly enhanced because he is actually innocent of being an armed career

---

[1] Because movant challenges his federal sentence, the United States of America is substituted as respondent in this case.

[2] Unless otherwise indicated, all document numbers refer to the underlying criminal action.

criminal, that his attorney was ineffective, and that his plea was involuntary, properly arise under § 2255. (Mot. at 5, 12-5). Section 2255 provides the primary means of "collaterally attacking a federal sentence" and is the appropriate remedy for "errors that occurred at or prior to the sentencing," whereas § 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Padilla v. United States,* 416 F.3d 424, 425-426 (5th Cir. 2005) (internal quotations and citations omitted). A petition filed under § 2241 is not a substitute for a § 2255 motion. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).

A § 2241 petition that seeks to challenge the validity of a federal sentence, *i.e.,* by attacking errors that occurred at trial or sentencing, must either be dismissed or construed as a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). However, if a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his or her detention, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained under the "savings clause" of § 2255. *Padilla*, 416 F.3d at 426. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers*, 253 F.3d at 830. A petitioner may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the one-year statute of limitations or the restriction on filing second or successive motions to vacate. *See Pack*, 218 F.3d at 453 (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

In order to show that § 2255 is either ineffective or inadequate to test the legality of his detention, movant must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was 'actually innocent' of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in prior § 2255 petition. *Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). He argues that he may pursue his claims under § 2241 because his claims are based upon retroactively applicable Supreme Court decisions, *Begay v. United States*, 553 U.S. 137 (2008), and *Johnson v. United States*, 130 S.Ct. 1260 (2010), and that based on these cases, he was erroneously sentenced as a career offender because one of his three prior convictions was neither a violent felony nor a serious drug offense. (Mot. at 10-12). The Fifth Circuit, however, has held that a claim of actual innocence of a career offender enhancement based on *Begay* and related cases is not a claim of actual innocence of the crime of conviction, and it is therefore not the type of claim warranting review pursuant to § 2241. *In re Bradford*, 660 F.3d 226, 231 (5th Cir. 2011), *citing Kinder v. Purdy*, 222 F.3d 209, 213-14 (2000). The Fifth Circuit has further held that it is proper to construe a § 2241 petition that raises this claim as a § 2255 motion. *Bradford*, 660 F.3d at 231.

Movant's filing is therefore construed as a motion to vacate under 28 U.S.C. § 2255 challenging his federal conviction and sentence in that case. *See Pack*, 218 F.3d at 452.

### III.  STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

A 1-year period of limitation shall apply to a motion under this section. The

limitation period shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Movant alleges that *Begay v. United States*, and *Johnson v. United States*, created a newly recognized right by the Supreme Court because both concern federal defendants who were also sentenced under the Armed Career Criminal Act.  In *Begay*, the Supreme Court held that a New Mexico state conviction for driving under the influence is not a violent felony that would warrant a fifteen-year prison term under the Armed Career Criminal Act.  553 U.S. at 145-148.  In *Johnson*, the Supreme Court held that a Florida state conviction for battery was also not a violent felony under the Act.  130 S.Ct. at 1272.  Movant contends that this was a newly recognized right because his conviction for unauthorized possession of a prohibited weapon, which was used to elevate his sentencing guideline, was determined to be a crime of violence by the district court using a similar definition but was also not a crime of violence. (Mot. at 11-12).

Other circuits have determined that *Begay* is retroactively applicable to cases on collateral review.  *See Sunbear v. United States*, 611 F.3d 925 (8th Cir. 2010); *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010).  For purposes of the motion, the Court assumes, without deciding, that *Begay* and *Johnson* created a newly recognized right with respect to movant that is retroactive on

collateral review.  *Begay* was handed down by the Supreme Court on April 16, 2008, and *Johnson* was handed down on March 2, 2010.  With regard to § 2255(f)(1), movant's conviction became final back in March of 2005, when the ten days for filing an appeal from the judgment elapsed.  *See* Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a).[3]  With regard to § 2255(f)(4), the facts supporting the claims raised in the motion became known or could have become known through the exercise of due diligence prior to the date movant's conviction became final.  Because March 2, 2010, the date *Johnson* was decided by the Supreme Court, is the latest of the dates under § 2255(f), the one-year statute of limitations began to run from that date.  Because movant did not file his § 2255 motion until February 15, 2012,[4] almost two years after this date, his motion to vacate is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary

---

[3]  In 2009, the appellate rules were amended to lengthen the time to file an appeal to fourteen days.

[4]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because movant has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

## IV. RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 24th day of February, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE